*162 The opinion of tbe Court was delivered by
WhitNER, J.,
Tbe brief presents in a plain and succinct way tbe points involved in tbis appeal.
The evidence was not beard on circuit, but upon tbe statement of tbe action by plaintiff’s counsel, tbe Judge intimated an opinion that conceding tbe proof of tbe breach of tbe condition assigned, tbe plaintiff could not maintain bis action, upon which plaintiff’s counsel submitted to a non-suit with tbe usual leave.
Taking it therefore as established by tbe proof that tbe plaintiff was delayed in tbe recovery of bis judgment, and that by reason thereof tbe goods and chattels, lands and tenements of tbe defendant were in tbe meantime so wasted, sold, encumbered and disposed of, that tbe plaintiff lost tbe whole amount of bis debt, although bis judgment was taken and bis execution was lodged as soon as be lawfully could by reason of tbe injunction, did it or not present such a case as by tbe terms of the obligation and the nature of tbe proceedings, entitled tbe plaintiff to compensation by a verdict ? Tbe pleadings in tbe case lead to tbis inquiry. The action was debt on tbe penalty of an injunction bond. Tbe defendants set out tbe condition on oyer, and pleaded non damnificatus. Tbe replication of plaintiff presents tbe foregoing statement of facts which tbe defendants traverse in their rejoinder, and an issue was thereupon joined. In tbis way will be seen tbe true questions raised by tbe pleadings, and according to tbe evidence, should have been settled by tbe jury. There are other features to be remarked upon, but to tbis point we are brought, and it is tbe case made by tbe parties who may be supposed to have well understood tbe proper grounds on which to rest, on either side. Taking these facts then as found for tbe plaintiff, they justify a legal conclusion, that a wrong bad been done, and an injury sustained.
Tbe terms of tbe Act of tbe Legislature are very explicit, “ a party applying for an Injunction to stay proceedings at *163 law, shall give bond to the plaintiff at law for snob sum and with such condition as the Court may direct ” Act"of Assembly, 1781. (7 Stat. 209.) These terms are in no way varied by subsequent Act of Assembly, 1840, (11 Stat. 108,) conferring power on masters and commissioners in equity on the same subject. Whence the bond at all, if not to provide for such a contingency as is alleged to have happened in this case?
The injunction to stay proceedings in a Court of Law, I presume must proceed upon the ground that the plaintiff at law was making use of that jurisdiction contrary to equity and conscience, but because this process of the Court of Equity may be wrongfully invoked and itself abused, and by an improper restraint this hindrance in the pursuit of a legitimate remedy may work an injury, the bond is required as a'full and adequate indemnity. When in the progress of the case, the injunction instead of being made perpetual, has been dissolved, it may be assumed there was no just ground for the complaint.
The remedy has been postponed and defeated, is the allegation of plaintiff, and effected by an abuse of this process. Delay has been secured and waste has intervened — other incumbrances have stepped in and property of which defendant was seized has been sold and disposed of. The specific manner is not indicated, but it may be readily conceived that proof might be offered ample and conclusive, tracing the loss of the debt to such interposition. Analogies are at hand. If a senior execution has been suspended by an injunction, and during the suspension a junior execution is levied and property sold, the money so arising may be applied to the junior execution, and it is equally clear when the injunction is afterwards dissolved, the creditor has his election to proceed upon the bond or the execution. In such case, formerly, the money was required to be deposited before an injunction could be had. By the Act of Assembly, 1784, a bond with *164 security is substituted for tbe deposit. Mitchell vs. Anderson, 1 Hill, 69.
It is proper, however, before I dismiss tbe case, to examine briefly tbe bond and order before tbe Court. Witb every disposition to enforce tbe remedy when recourse is bad to tbe law Court, I am instructed, as tbe organ of tbe Court, to say, great perplexities are encountered because a more intelligible, uniform and exact practice is not observed by masters and commissioners in equity. These occasions are of frequent occurrence, as a reference to our cases will show. Tbe terms of this order and bond furnish further illustration on this subject, and need only to be stated to suggest tbe difficulty ; a certified copy of tbe order was read, though perhaps not exactly germain, from which it appears tbe bond required was, “ for tbe payment of tbe full amount of any damages or loss which may accrue by occasion of any unlawful conduct in obtaining tbe said injunction.” Tbe recital of tbe order in tbe bond is “ for tbe payment of tbe full amount of any damage or’ loss which may accrue by reason of any injury resulting from tbe obtaining of this injunction,” and “ tbe condition of this obligation is such that if tbe above bound P. E., W. B. C., and W. E. shall and do well and truly perform all the conditions set forth in said order heretofore recited according to tbe true intent and meaning thereof,” are tbe terms in which we find tbe condition of tbe bond. Tbe want of congruity between tbe order made, tbe order recited in tbe bond and tbe condition, are manifest upon tbe reading. We may not bold this to be fatal. Tbe Courts, in their efforts to secure tbe interest of tbe parties by just and legitimate construction of their contracts, have a right to expect their own officers to aid in its accomplishment by an exact adherence to intelligible forms.
Tbe motion to set aside tbe non-suit is granted.
WardlAw, Withers, and Moteo, JJ., concurred.

Motion granted.